RECEIVED
SEP 01 2017
AT 8:30_____M
WILLIAM T. WALSH
CLERK

NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOSEPH DOUEK,

    Plaintiff,

v.

BANK OF AMERICA CORPORATION,

    Defendant.

Civ. No. 17-2313

OPINION

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter has come before the Court upon multiple motions. Defendant Bank of America Corporation ("Defendant")[1] filed a motion to dismiss. (ECF No. 6). Plaintiff Joseph Douek ("Plaintiff") opposes. (ECF No. 7). Defendant also filed a motion to consolidate this case—for pretrial purposes only—with three other cases pending in this District. (ECF No. 9). Plaintiff has not opposed the motion to consolidate, and the time for response has expired. The Court has decided the motions based on the written submissions of the parties and without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Defendant's motion to consolidate is denied, and Defendant's motion to dismiss is granted. However, Plaintiff's Complaint will be dismissed without prejudice and Plaintiff will be granted leave to file an amended Complaint.

---

[1] The Court notes that Defendant claims that Plaintiff improperly named "Bank of America Corporation" as the Defendant. Defendant further claims that "Bank of America, National Association," is the proper defendant.

1

**BACKGROUND**

This case involves alleged violations of the Telephone Consumer Protection Act ("TCPA"). Plaintiff's allegations are as follows: On approximately December 21, 2015, Defendant began communicating with Plaintiff through phone calls and text messages to two of Plaintiff's specifically identified cellular phone numbers. (Compl., ECF No. 1 at ¶ 6). On December 24, 2015, Plaintiff called Defendant and spoke with one of Defendant's representatives. (*Id.* at ¶ 7). Plaintiff informed Defendant's representative that he did not want to receive any text messages or automated calls. (*Id.* at ¶ 8). Despite this request, between January 27, 2016 and April 6, 2017, Plaintiff received at least 73 auto-dialed telephone calls (from two separate, identified telephone numbers), and approximately 375 text messages. (*Id.* at ¶ 10).

On April 6, 2017, Plaintiff filed the Complaint in this matter. (*See* Compl.). On May 19, 2017, Defendant filed the instant motion to dismiss. (ECF No. 6). On July 27, 2017, Defendant filed a motion to consolidate this case—for pretrial purposes only—with three other cases pending in this District, which also allege violations of the TCPA. The other three cases are: 1) *Osher Rotkin v. Bank of America* (Civ. No. 17-2574-PGS-DEA) ("*Rotkin*"); 2) *Saul Falack v. Bank of America* (Civ. No. 17-2992-PGS-TJB) ("*Falack*"); and 3) *Michael Trenk v. Bank of America* (Civ. No. 17-3472-AET-TJB) ("*Trenk*").

**DISCUSSION**

I. Defendant's Motion to Dismiss

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-

part analysis. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 56 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009); *see also Connelly v. Lane Const. Corp.*, 2016 WL 106159 (3d Cir. Jan. 11, 2016). However, the court may disregard any conclusory legal allegations. *Fowler*, 578 F.3d at 203. Finally, the court must determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). If the complaint does not demonstrate more than a "mere possibility of misconduct," the complaint must be dismissed. *See Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

The TCPA prohibits the use of an automatic telephone dialing system ("ATDS") or a prerecorded voice to place calls to a cellular phone number without the called party's prior, express consent. 47 U.S.C. § 227. "The TCPA's prohibition on automated dialing applies to both voice calls and text messages." *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 269 n.2 (3d Cir. 2013) (citations omitted). The parties agree that, "to state a cause of action under the TCPA, a Plaintiff must allege: "(1) that the defendant called the plaintiff's cellular telephone; (2) using an ATDS; (3) without the plaintiff's prior express consent." (Def.'s Br. at 2, ECF No. 6-2; Pl.'s Opp'n Br. at 3, ECF No. 7; *Todd v. Citibank*, 2017 WL 1502796, at *6 (D.N.J. Apr. 26, 2017)).

Here, Defendant argues that Plaintiff's Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because it fails to allege any facts to support an alleged violation of the TCPA. Specifically, Defendant contends that Plaintiff's Complaint merely parrots the language of the TCPA, and that the Complaint does not allege any facts which show that the alleged calls were made using an ATDS or an artificial or prerecorded voice. (Def.'s Br. at 2). In opposition,

3

Plaintiff argues that the Complaint does contain sufficient factual allegations. Plaintiff argues that the factual allegations regarding the number of calls (73) and texts (375) that Plaintiff allegedly received sufficiently allege that Defendant used an ATDS.

The Court agrees with Defendant. The Complaint merely alleges that the 73 calls and 375 text messages that Plaintiff received over an approximately 15 month period were "auto-dialed" (Compl., ¶ 10), but offers no facts to support this allegation. The Complaint does allege the two phone numbers from which Plaintiff allegedly received the 73 calls, but does not specify if the 375 text messages came from the same two phone numbers. (*See Id.*). Other than generally alleging that Plaintiff received the calls and text messages over an approximate 15 month period, the Complaint does not allege when the calls and text messages were received.

Importantly, the Complaint makes absolutely no factual allegations about the content of the alleged calls and text messages, nor does the Complaint provide any factual allegation about whether the calls and text messages were automated or prerecorded. Other Courts, including Courts within this District, have found that "[a] bare allegation that defendants used an ATDS is not enough." *See, e.g., Baranski v. NCO Fin. Sys., Inc.*, 2014 WL 1155304, at *6 (E.D.N.Y. Mar. 21, 2014) (noting that "the vast majority of courts to have considered the issue have found that '[a] bare allegation that defendants used an ATDS is not enough'") (collecting cases); *Trumper v. GE Capital Retail Bank*, 79 F. Supp. 3d 511 (D.N.J. 2014); *Curry v. Synchrony Bank, N.A.*, 2015 WL 7015311, at *2 (S.D. Miss. Nov. 12, 2015); *Brailey v. F.H. Cann & Assocs., Inc.*, 2014 WL 7639909, at *8 (W.D. La. Dec. 5, 2014); *but see Todd v. Citibank*, 2017 WL 1502796, at *6 (D.N.J. Apr. 26, 2017) (denying Defendant's motion to dismiss and finding that Plaintiff's allegations regarding the content of the alleged messages allow the Court to infer that calls were placed using an ATDS).

4

Moreover, the four cases relied on by Plaintiff in his brief are not persuasive. In three of those cases, the plaintiff made additional factual allegations beyond merely alleging that an ATDS was used to make a specific number of calls and text messages and the phone number from which some of those calls and text message were received. *See Legg v. Voice Media Group, Inc.*, 990 F. Supp. 2d 1351, 1354 (S.D. Fla. 2014) (Plaintiff alleged that Defendant sent mass text messages from a "short code," that Defendant was present in over 50 major metropolitan areas, and that Defendant received "voluminous" consumer complaints about similar text messages received from Defendant); *Neptune v. Whetstone Partners, LLC*, 34 F. Supp. 3d 1247, 1250 (S.D. Fla. 2014) (Plaintiff alleged content of prerecorded message allegedly used); *Stewart v. T-Mobile USA, Inc.*, 124 F. Supp. 3d 729, 732 (D.S.C. 2015) (same). In *Hashw v. Dep't Stores Nat. Bank*, 986 F. Supp. 2d 1058 (D. Minn. 2013), the Court found that Plaintiff sufficiently alleged the use of an ATDS. There, the plaintiff alleged that he received 112 calls from the same telephone number over a three month period and that the calls related to his debt and/or telemarketing. *See id.* Here, however, the calls and text messages occurred over a much longer time period—approximately 15 months—and Plaintiff has not alleged the telephone number that the 375 text messages allegedly came from.

The Court need not take Plaintiff's conclusory assertion that Defendant used autodialing as true, *Twombly*, 550 U.S. at 555, and the Court is not persuaded that Plaintiff's Complaint sufficiently sets forth factual allegations which allow the Court to infer that Plaintiff has a plausible claim for relief. Therefore, Plaintiff's Complaint fails to state a claim. However, the Third Circuit has instructed that where a complaint is vulnerable to Rule 12(b)(6) dismissal "a District Court must permit a curative amendment, unless an amendment would be inequitable or futile." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). The Court is not persuaded that it

would be inequitable or futile to do so here. Accordingly, the Court will grant Plaintiff leave to file an amended Complaint within the next twenty days.

II. Defendant's Motion to Consolidate

Under Federal Rule of Civil Procedure 42(a), "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." "Rule 42 gives the district court 'broad powers to consolidate actions involving *common questions of law or fact* if, in its discretion, such consolidation would facilitate the administration of justice.'" *Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp.*, 149 F.R.D. 65, 80 (D.N.J. 1993) (internal citations omitted). Thus, "[c]onsolidation is appropriate to avoid unnecessary costs and/or delay, and to promote judicial economy." *Id.* at 80–81 (citations omitted). "The mere existence of common issues, however, does not require consolidation." *Id.* at 81. "The savings of time and effort gained through consolidation must be balanced against the inconvenience, delay or expense that might result from simultaneous disposition of the separate actions." *Id.*

Here, Defendant seeks consolidation of this case with *Rotkin*, *Trenk*, and *Falack* for pretrial purposes only. It appears that all four cases allege violations of the TCPA, and that Defendant has filed a 12(b)(6) motion to dismiss in each of the cases. Defendant contends that consolidation is appropriate because all four cases involve the same or substantially related defendants, Counsel for the parties are the same in each of the four cases, the four cases involve similar factual and legal questions, and consolidation would conserve judicial resources and limit the parties' expenses. (ECF No. 9 at 5–6).

Defendant further argues that consolidation would prevent Defendant from being "subjected to the potential of inconsistent rulings on the pleading standards for a TCPA case

6

related to the use of an auto-dialer, which has been raised in each of Defendants' motions to dismiss." (*Id.*). However, Defendant fails to explain why that would be the case. Defendant only seeks to consolidate theses four cases for pretrial purposes. Consolidation of these cases for pretrial purposes would not affect the merits of each case, nor would it prevent the Court from engaging in an individual analysis of each of Defendants' motions to dismiss based on the facts of that case. While it appears that there are some common questions of law between the four cases, disparate questions of fact exist, such as the manner and frequency with which Defendant allegedly violated the TCPA. As a result, the Court is not persuaded that consolidation would facilitate the administration of justice or promote judicial economy. Therefore, the Court declines to exercise its discretion to consolidate these four cases for pretrial purposes. Defendant's motion to consolidate is denied.

## CONCLUSION

For the foregoing reasons, Defendant's motion to consolidate is denied, and Defendant's motion to dismiss is granted. Plaintiff's Complaint will be dismissed without prejudice, and Plaintiff will be granted leave to amend his complaint. If Plaintiff wishes to file an amended Complaint consistent with the directives of this Opinion, he must do so within 20 days of the date of the accompanying Order. Should Plaintiff timely file an amended Complaint, Defendant shall respond to the amended Complaint within 21 days of the Complaint being filed on the docket. An appropriate order will follow.

Date: 8/28/17

ANNE E. THOMPSON, U.S.D.J.

7