UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------------X

JOSEPH DOUEK,

                              Civil Action No.:

             Plaintiff,          **AMENDED**
                                    **COMPLAINT FOR VIOLATIONS**
-against-                       **OF THE TELEPHONE**
                                      **CONSUMER PROTECTION ACT**

BANK OF AMERICA CORPORATION,

             Defendants.

---------------------------------------------------------------X

Plaintiff, JOSEPH DOUEK ("Plaintiff"), by and through his attorneys, M. Harvey Rephen & Associates, P.C., as and for their Complaint against the Defendant, BANK OF AMERICA CORPORATION, (hereinafter referred to as "Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

**INTRODUCTION/PRELIMINARY STATEMENT**

1.    Plaintiff brings this action on their own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) under Title 47 of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA).

**PARTIES**

2.    Plaintiff JOSEPH DOUEK is a resident of the State of New Jersey, residing in, Lakewood, New Jersey 08701.

3. Defendant Bank of America Corporation is a global corporation engaged in, among other things, the business of extending credit with an office at 100 N. Tyron Street, Charlotte, NC 28202.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this matter pursuant to 28 USC Section 1331, as well as 15 USC Section 1692 et seq. and 28 USC Section 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 USC Section 1367(a).

5. Venue is proper in this judicial district pursuant to 28 USC Section 1391 (b)(2).

## FACTUAL ALLEGATIONS

6. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "5" herein with the same force and effect as if the same were set forth at length herein.

7. Approximately December 21, 2015, Defendant began communicating with Plaintiff by means of a text message to Plaintiff's mobile telephone numbers 732-606-5833 and 732-608-3871.

8. The Plaintiff never gave the Defendant his prior, express permission to call or send text messages to his cell phone via the use of an automated telephone dialing system.

9. Plaintiff had no wish to be contacted on his cell phone via the use of an autodialer.

10. Plaintiff believes Defendant used an autodialer to contact him because there was never a live person on the line when Plaintiff would answer a call coming from Defendant.

11. On December 24, 2015, Plaintiff placed a telephone call to Defendant and was connected to a representative named Jamal.

12. The Plaintiff informed and requested from the Defendant's representative that he did not want to receive any text message or automated calls to his cell phone.

13. Despite Plaintiff's requests, auto-dialed telephone calls from the Defendant started on January 27, 2016 and continued to the present, totaling at least 102 autodialed calls.

## FIRST CAUSE OF ACTION
*(Violations of the TCPA)*

14. Plaintiffs repeat, reiterate and incorporate the allegations contained in paragraphs numbered "1" through "10" herein with the same force and effect as if the same were set forth at length herein.

15. According to the Telephone Consumer Protection Act 47 USC §227(b)(A)(iii), "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States (A) to make any call (other than a call made for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice--- (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call us made solely to collect a debt owed to or guaranteed by the United States."

It has been determined that the statute language adding "or" any service for which the called party is charged, is not accurately interpreted to require that Plaintiff must claim that Defendant's calls incurred charges. See <u>Breslow c. Wells Fargo Bank, N.A.</u> 857 F. Supp 2d 1316, 1319 (S.D. Fla. 2012) <u>Cavero v. Franklin Collection Serv., Inc.</u>, 2012 WL 279448 (S.D. Fla. 2012). A number of Courts have addressed the issue of a Plaintiff being charged with all agreeing that the TCPA does not require a Plaintiff who received calls on his/her *cell phone* to allege that he/she was charged for the call. For example, <u>Manno v.Healthcare Revenue Recovery Grp., LLC</u>, 289 F.R.D. 674 (S.D. Fla. 2013), the Court held that "The TCPA does not require the plaintiff to be `charged

for' the calls in order to have standing to sue." In <u>Osorio v. State Farm Bank, F.S.B.</u>, 746 F.3d 1242 (11th Cir. 2014), the Court stated: If the phrase `any service for which the called party is charged for the call' requires that the party be charged per call for the `paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service' in order for the party to prohibit autodialed calls, then the listing of these services would be superfluous because they are already included under them 'any service for which the called party is charged.' On the other hand, reading `any service for which the called party is charged for the call' as an additional item beyond any call to a `paging service, cellular telephone service, specialized mobile radio service, or other common carrier service,' regardless of whether the called party is charged, gives independent meaning to each term."

It is thus clear from the plain language of the TCPA, and it's considerable body of resultant case law that the TCPA is violated when a cellular telephone is called with an automatic dialer without consent, even if no charges are alleged or incurred.

16. With the autodialer calls to Plaintiff's telephone commencing on August 15, 2015 and accumulating to at least four hundred and two (402) times thereafter, the Defendant violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

17. The Defendant, having been informed that Plaintiff requested that no further calls be received; Defendant willfully violated the TCPA at least two hundred and fifty (250) times.

18. Pursuant to the TCPA Omnibus Declaratory Ruling and Order, July 2015, paragraphs 138 and 139, communications from banking institutions which are exempt

"…are all intended to address exigent circumstances in which a quick, timely communication with a consumer could prevent considerable consumer harms from occurring or, in the case of the remediation calls, could help quickly mitigate the extent of harm that will occur." Pursuant to Paragraph 139, (3) and (7) "In light of these considerations, we adopt the following conditions for each exempted call (voice call or text message) made by a financial institution:

3) voice calls and text messages are strictly limited to purposes discussed in paras. 129-137 above and must not include any telemarketing, cross-marketing, solicitation, debt collection, or advertising content;

7) a financial institution must honor opt-out requests immediately."

19. Defendant is in violation of the TCPA paragraphs 139 (3) having used their calls for debt collection and (7), failing to honor Plaintiffs' desire to opt out of both text and telephone communications despite Plaintiff's clear, unequivocal and repeated requests that such automatic calls cease.

20. Defendant violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

## DEMAND FOR TRIAL BY JURY

18. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

A.  For actual damages provided and pursuant to 15 USC §1692k(a)(1);

B. For trebled damages to be awarded to the Plaintiff in accordance with the TCPA, for the Defendant's willful or knowing violations of the TCPA;

C. For statutory damages provided and pursuant to 15 USC Section 1692k(2)(B);

D. For attorney's fees and costs provided and pursuant to 15 USC Section k(a)(3);

E. A declaration that the Defendant's practices violated the TCPA;

F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as the Court may deem just and proper.

Dated: September 19, 2017

                                      Respectfully submitted.

                                      Edward B. Geller, Esq.

                                      Edward B. Geller, Esq., P.C., Of Counsel

                                      M. Harvey Rephen & Associates, P.C.

                                      15 Landing Way

                                      Bronx, New York  10464

                                      Tel:(914)473-6783

                                      Attorney for Plaintiff