NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

JOSEPH DOUEK,

    Plaintiff,

v.

BANK OF AMERICA CORPORATION,

    Defendant.

Civ. No. 17-2313

**OPINION**

RECEIVED
OCT 3 0 2017
AT 8:30_____M
WILLIAM T. WALSH
CLERK

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter has come before the Court upon a motion to dismiss brought by Defendant Bank of America Corporation ("Defendant").[1] (ECF No. 13.) Plaintiff Joseph Douek ("Plaintiff") does not oppose. The Court has decided the motion based on the written submissions and without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Defendant's Motion to Dismiss is granted.

## BACKGROUND

This case involves alleged violations of the Telephone Consumer Protection Act ("TCPA"). Plaintiff's allegations are as follows. On approximately December 21, 2015, Defendant began communicating with Plaintiff through phone calls and text messages to two of Plaintiff's specifically identified cellular phone numbers. (Compl. ¶ 7, ECF No. 1; Am. Compl. ¶ 7, ECF No. 12.) Plaintiff never gave Defendant prior express permission to contact him by call or text via cell phone (Am. Compl. ¶ 8) and had no wish to be contacted on his cell phone (*id.* ¶

---

[1] Defendant reiterates that Plaintiff improperly named "Bank of America Corporation" as the defendant, and that "Bank of America, National Association," is the proper defendant. (Def.'s Br. at 1 n.1, ECF No. 13-2.)

1

9). On December 24, 2015, Plaintiff called Defendant and spoke with one of Defendant's representatives. (*Id.* ¶ 11.) Plaintiff informed Defendant's representative that he did not want to receive any text messages or automated calls. (*Id.* ¶ 11.) Despite this request, between January 27, 2016 and September 22, 2017, Plaintiff received at least 102 auto-dialed telephone calls. (*Id.* ¶ 13.) Plaintiff believes Defendant used an auto-dialer to contact him because there was never a live person on the line when Plaintiff would answer a call coming from Defendant. (*Id.* ¶ 10.)

On April 6, 2017, Plaintiff filed the Complaint in this matter. (*See* Compl.) On May 19, 2017, Defendant filed its first motion to dismiss. (ECF No. 6.) The Court granted that Motion, giving Plaintiff leave to amend his Complaint. (ECF Nos. 10, 11.) Plaintiff filed his Amended Complaint on September 22, 2017. (ECF No. 12.) Defendant filed the Motion to Dismiss presently before the Court on October 10, 2017. (ECF No. 13.)

## LEGAL STANDARD

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009); *see also Connelly v. Lane Const. Corp.*, 2016 WL 106159 (3d Cir. Jan. 11, 2016). However, the court may disregard any conclusory legal allegations. *Fowler*, 578 F.3d at 203. Finally, the court must determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id.* at 211

2

(quoting *Iqbal*, 556 U.S. at 679). If the complaint does not demonstrate more than a "mere possibility of misconduct," the complaint must be dismissed. *See Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

## ANALYSIS

In response to Plaintiff's Amended Complaint, Defendant renews its argument that Plaintiff fails to allege sufficient facts to support a violation of the TCPA. The TCPA prohibits the use of an automatic telephone dialing system ("ATDS") or a prerecorded voice to place calls to a cellular phone number without the called party's prior express consent. 47 U.S.C. § 227. "The TCPA's prohibition on automated dialing applies to both voice calls and text messages." *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 269 n.2 (3d Cir. 2013) (citations omitted). "[T]o state a cause of action under the TCPA, a Plaintiff must allege: '(1) that the defendant called the plaintiff's cellular telephone; (2) using an ATDS; (3) without the plaintiff's prior express consent.'" *Todd v. Citibank*, 2017 WL 1502796, at *6 (D.N.J. Apr. 26, 2017) (citation omitted).

The Court granted Plaintiff leave to amend to correct the following pleading defects, which, if properly alleged, would establish the second element in the standard above: (1) facts supporting that the calls were "auto-dialed," (2) facts about the content of the calls and text messages, and (3) facts about whether the calls and text messages were automated or prerecorded. (Op. at 2–5, ECF No. 10.) Because Plaintiff did not submit a red-lined complaint as required by Local Civil Rule 15.1(b)(2), adopted in May 2017, the Court compared the original Complaint to the Amended Complaint. Plaintiff added three paragraphs (Am. Compl. ¶¶ 8–10), omitted the total number of text messages he received (Am. Compl. ¶ 13), increased the total number of calls he received from 73 to 102 (*Compare* Compl. ¶ 10, *with* Am. Compl. ¶ 13), and deleted the phone numbers from which the calls were received (*Compare* Compl. ¶ 10, *with* Am. Compl. ¶ 13).

3

Plaintiff's alterations cure only one of the original Complaint's three chief defects. Plaintiff newly alleges that he "believes Defendant used an autodialer to contact him because there was never a live person on the line when Plaintiff would answer a call coming from Defendant." (Am. Compl. ¶ 10.) This factual allegation supports Plaintiff's claim that the calls were automated or prerecorded, and therefore supports an inference that Defendant used an ATDS. Courts to have considered similar claims have found this type of allegation persuasive. *See, e.g., Todd*, 2017 WL 1502796, at *6. However, Plaintiff otherwise fails to allege facts to support that the calls were auto-dialed. Plaintiff also fails to make factual allegations about the content or nature of the calls, maintaining only a vague reference that the calls were "for debt collection" in language that tracks the statute. (Am. Compl. ¶ 19; *see also* Compl. ¶ 16.)

Beyond failing to fully respond to the Court's noticed pleading deficiencies, Plaintiff's Amended Complaint creates new defects. Whereas the original Complaint specified two phone numbers from which Defendant allegedly called Plaintiff, but did not specify if the text messages came from the same two phone numbers, the Amended Complaint no longer includes those phone numbers at all and makes no mention of the total number of text messages received. (*Compare* Compl. ¶ 10, *with* Am. Compl. ¶ 13.)

Furthermore, as the Court suggested in its prior Opinion, the period of time during which the calls were received and the total number of calls received are relevant to establish an inference that Defendant used an ATDS based on the frequency of the calls. *See, e.g., Hashw v. Dep't Stores Nat. Bank*, 986 F. Supp. 2d 1058, 1061 (D. Minn. 2013). Nevertheless, the Amended Complaint still fails to allege when the calls and text messages were received and, upon closer inspection, muddies the overall timeline and the total number of calls received. The Court's prior Opinion calculated that Plaintiff received calls over a roughly 15-month period stretching from January 27, 2016 to April 6, 2017. (Compl. ¶ 7; Am. Compl. ¶ 7.) However, the

4

Court now sees that a later paragraph appearing in both the Complaint and Amended Complaint alleges the relevant time period dates back to August 15, 2015. (Compl. ¶ 13; Am. Compl. ¶ 16) Moreover, where in the original Complaint Plaintiff first alleged receiving a total of 73 calls (Compl. ¶ 10), the Amended Complaint raises that number to 102 calls (Am. Compl. ¶ 13). In a later paragraph appearing in both pleadings, Plaintiff alleges receiving a total of 402 calls (Am. Compl. ¶ 16; Compl. ¶ 13). Construing the Complaint in the light most favorable to Plaintiff, the Court cannot find that Plaintiff's Amended Complaint sets forth sufficient allegations establishing a plausible claim for relief. Defendant's motion is granted.

The Third Circuit instructs that where a complaint is vulnerable to Rule 12(b)(6) dismissal "a District Court must permit a curative amendment, unless an amendment would be inequitable or futile." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). It would not be inequitable or futile to do so here. Plaintiff should plead facts responsive to the deficiencies outlined above—in particular, the nature and subject matter of the calls and/or text messages, what numbers they were received from, and how many were received over what precise period.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted. Plaintiff's Complaint is dismissed, but Plaintiff is granted leave to amend. An appropriate order will follow.

Date: 10/28/17

ANNE E. THOMPSON, U.S.D.J.

5